

# Notice of Service of Process

SM7 / ALL<br>Transmittal Number: 15799627<br>Date Processed: 10/27/2016

| | |
|---|---|
| Primary Contact: | Tina Atkins<br>L Q Management L.L.C.<br>909 Hidden Ridge<br>Suite 600<br>Irving, TX 75038 |
| Electronic copy provided to: | Mark Chloupek |
| Entity: | LQ Properties L.L.C.<br>Entity ID Number  3052199 |
| Entity Served: | LQ Properties, LLC |
| Title of Action: | Stephen Seymour vs. LQ Management, LLC |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Personal Injury |
| Court/Agency: | Williamson County Circuit Court, Tennessee |
| Case/Reference No: | 2016-551 |
| Jurisdiction Served: | Tennessee |
| Date Served on CSC: | 10/26/2016 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | William B. Hicky<br>615-324-8777 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscglobal.com

| CIRCUIT COURT SUMMONS | FRANKLIN, TENNESSEE |

# STATE OF TENNESSEE
## WILLIAMSON COUNTY
## 21ST JUDICIAL DISTRICT

COPY

☒ First
☐ Alias
☐ Pluries

STEPHEN SEYMOUR

Plaintiff

Vs.

LQ MANAGEMENT, LLC; LQ PROPERTIES, LLC;
LQ OPERATING LESSEE, LLC; LA QUINTA HOLDINGS, INC.

Defendants

CIVIL ACTION DOCKET NO. 2016-551

**Method of Service:**
☐ Williamson County Sheriff
☐ Out of County Sheriff
☐ Secretary of State
☐ Certified Mail
☒ Personal Service
☐ Commissioner of Insurance

**To the above named Defendant:** LQ Properties, LLC – via registered agent
Corporation Service Company
2908 Poston Avenue
Nashville, Tennessee 37203

You are summoned to appear and defend a civil action filed against you in the *Circuit Court Clerk, 135 4th Avenue South, Franklin, TN 37064*, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: Oct. 24, 2016

**Debbie McMillan Barrett**
Circuit Court Clerk
Williamson County, Tennessee

By: /s/ Williams
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | WILLIAM B. HICKY |
|---|---|
| | 3102 WEST END AVENUE, SUITE 400 |
| | Address |
| | NASHVILLE, TN 37203 |

TO THE SHERIFF:

Please execute this summons and make your return hereon as provided by law.

**Debbie McMillan Barrett**
Circuit Court Clerk

Received this summons for service this _____ day of _____, 2015.

_____
SHERIFF

If you have a disability and require assistance, contact (615) 790-5428.

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____, 20_____, I:

☐ served this summons and complaint/petition on _____
_____ in the following manner:
_____

☐ failed to serve this summons within 90 days after its issuance because _____
_____

_____
Sheriff/Process Server

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20____ I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the compliant in Docket No. _____ to the defendant, _____. On the _____ day of _____ 20_____, I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20_____. Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS
_____ DAY OF _____, 20_____.

_____
PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON
AUTHORIZED BY STATUTE TO SERVE PROCESS

_____NOTARY PUBLIC or _____DEPUTY CLERK
MY COMMISSION EXPIRES: _____

### NOTICE
TO THE DEFENDANT(S):

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF _____

I, _____, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

_____, CLERK

(To be completed only if copy certification required.)

By: _____D.C.

IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE

STEPHEN SEYMOUR,                                )
                                                )
    Plaintiff,                                )  Case No.: 2016-551
                                                )
vs.                                             )
                                                )  JURY DEMAND
LQ MANAGEMENT, LLC,                             )
LQ PROPERTIES, LLC f/k/a                        )
BRE/LQ PROPERTIES, LLC,                         )
LQ OPERATING LESSEE, LLC f/k/a                  )
BRE/LQ OPERATING LESSEE, INC., and              )
LA QUINTA HOLDINGS, INC.                        )
                                                )
    Defendants.                               )

FILED OCT 24 2016

## COMPLAINT

Comes now Stephen Seymour, Plaintiff, and states his Complaint against Defendants as follows:

### I.    PARTIES

1.    Plaintiff is citizen and resident of Savannah, Chatham County, Georgia.

2.    Defendant LQ Management, LLC is a Delaware corporation authorized to do business in the state of Tennessee with a principal place of business at 909 Hidden Ridge, Suite 600; Irving, Texas 75038. Its registered agent for service of process is Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203.

3.    Defendant LQ Properties, LLC f/k/a BRE/LQ Properties, LLC is a Delaware corporation authorized to do business in the state of Tennessee with a principal place of business at 909 Hidden Ridge, Suite 600; Irving, Texas 75038. Its registered agent for service of process is Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203.

4. Defendant LQ Operating Lessee, LLC f/k/a BRE/LQ Operating Lessee, Inc. is a Delaware corporation authorized to do business in the state of Tennessee with a principal place of business at 909 Hidden Ridge, Suite 600; Irving, Texas 75038. Its registered agent for service of process is Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203.

5. Defendant La Quinta Holdings, Inc. is a Texas corporation not authorized to do business in the state of Tennessee with a principal place of business at 909 Hidden Ridge, Suite 600; Irving, Texas 75038.

## II. JURISDICTION & VENUE

6. All events, which form the basis of this Complaint, occurred in Franklin, Williamson County, Tennessee.

7. Venue is properly situated in Williamson County pursuant to Tenn. Code Ann. 20-4-101(a) and (b).

8. This Court has jurisdiction of this matter pursuant to Tenn. Code Ann. 16-10-101.

## III. GENERAL ALLEGATIONS AND FACTS

9. On November 30, 2015 Plaintiff rented a hotel room at a La Quinta Inn and Suites located at 4207 Franklin Commons Court; Franklin, Tennessee 37067.

10. While in his hotel room, Plaintiff slipped and fell as a result of a wet floor in said hotel room.

11. Upon information and belief, the business premises, including said hotel room, are owned, leased, operated, maintained, and/or controlled by the Defendants.

12. Plaintiff was on the Defendants' premises as an invitee.

13. Plaintiff would show that while walking in Defendants' hotel room and while exercising due care for his safety, he, without prior warning, slipped on water which leaked into

his room and created a hazardous area that caused him to fall.

14. The fall resulted in injuries to Plaintiff.

15. The aforementioned hotel room was under the exclusive maintenance, care, and control of the Defendants, and the Defendants breached their duty to use or exercise reasonable care in maintaining a safe area for the use of its customers.

16. The dangerous condition of the wet floor constituted a safety hazard to guests and visitors.

17. Plaintiff was not aware of the area of the hazardous situation created by the Defendants, as there was no sign or warning of the dangerous condition where Plaintiff slipped and fell.

18. As a result of the dangerous condition, Plaintiff suffered physical injuries, and said injuries required medical treatment.

19. Defendants had actual notice of this unreasonably dangerous and unsafe condition but took no steps to alleviate the danger or warn Plaintiff of the danger.

20. Had Plaintiff known of the dangerous condition of the wet floor, he would have not stayed in that particular room.

21. Defendants created this unreasonably dangerous and unsafe condition but took no steps to alleviate the danger or warn Plaintiff of the danger.

22. At the time Plaintiff rented his hotel room, the Defendants were aware or should have been aware the hotel room floor was damp and wet.

23. Said dampness was either due to a leaking sprinkler or due to water intrusion and leaks from recent rains.

24. Regardless of the source, said water should not be in a room rented to guests.

3

25. The Defendants had actual or constructive knowledge that said floor was wet and posed a hazardous condition to Plaintiff.

26. Defendants were negligent in the maintenance of said hotel room which negligence permitted said water to get in the room Plaintiff rented creating a hazardous condition.

27. The wetness and slickness of said floor was not apparent to Plaintiff in the exercise of ordinary care and Plaintiff was without knowledge said floor was wet and slick.

## COUNT I: PREMISES LIABILITY/NEGLIGENCE

28. Plaintiff incorporates by reference and re-alleges Paragraphs 1-27 of this Complaint, as if fully restated herein.

29. At all times relevant to this litigation, Plaintiff was a licensee and/or invitee on the premises at the time of the fall.

30. Plaintiff, upon information and belief, alleges that the Defendants were negligent and created an unreasonably dangerous and unsafe condition by failing to provide Plaintiff with a hotel room free of water intrusion and adhere to appropriate safety procedures in the maintenance of their premises.

31. Defendants, through the actions or inactions or its employees and/or agents, were negligent in failing to warn the Plaintiff of said water intrusion.

32. Defendants, through the actions or inactions of its employees and/or agents, were negligent in failing to inspect the area where the Plaintiff was injured.

33. As a direct and proximate result of the negligence of the Defendants, Plaintiff suffered severe injuries which required medical treatment.

34. As a direct and proximate result of the negligence of the Defendants, Plaintiff

4

Case 3:16-cv-03039 Document 1-1 Filed 11/28/16 Page 7 of 11 PageID #: 12

sustained physical injury and trauma, endured pain and suffering, and experienced a lack of enjoyment of life.

35. Plaintiff charges and alleges that the Defendants are guilty of certain acts of common law negligence, to wit:

   a. Negligently allowing said dangerous and unsafe condition to remain as described herein;

   b. Failing to warn Plaintiff of said condition of which Defendants knew or should have known;

   c. Failing to exercise such care as was reasonable under the circumstances then existing;

   d. Failing to correct the dangerous and unsafe situation; and

   e. Failing to provide safe ingress and egress throughout the business premises.

## COUNT II: VICARIOUS LIABILITY

36. Plaintiff incorporates by reference and re-alleges Paragraphs 1-35 of this Complaint, as if fully restated herein.

37. At all times relevant to this action, the individuals responsible for the inspection and maintaining of the area where Plaintiff fell were employees and/or agents of Defendants and were acting during and within the scope of their employment with the Defendants.

38. Pursuant to T.C.A. § 29-11-107 and/or the doctrine of *respondeat superior*, Defendants are legally and vicariously liable for the negligent acts or omissions of any of its employees or agents which proximately caused the personal injuries and related damages sustained by Plaintiff at all times relevant to this litigation.

5

## COUNT III: NEGLIGENT TRAINING & SUPERVISION

39. Plaintiff incorporates by reference and re-alleges Paragraphs 1-38 of this Complaint, as if fully restated herein.

40. Defendants were negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections and maintenance were performed on the premises and in failing to train its employees concerning safety procedures for inspection and maintaining the premises.

41. Defendants were negligent in its training and supervision of its employees or agents.

42. As a result of Defendants' negligence in its training and supervision of its employees or agents, Plaintiff was injured.

## COUNT IV: DAMAGES

43. Plaintiff incorporates by reference and re-alleges Paragraphs 1-42 of this Complaint, as if fully restated herein.

44. As a direct and proximate result of the negligence and carelessness of Defendants, its employees, or agents, Plaintiff has sustained severe personal injuries, both temporary and permanent in nature, and will continue to suffer personal injuries in the future, including permanent disability.

45. Defendants, it employees, and/or agents' acts and/or omissions were negligent and proximately caused the injuries to Plaintiff. Further, said acts and omissions are the legal cause of Plaintiff's injuries, as set forth herein, all of which otherwise would not have occurred but for the acts or omissions of Defendants.

46. Due to the sole, direct, and proximate result of the negligence by the Defendants

as described above, Plaintiff suffered the following injuries and damages:

    a. mental and physical pain and suffering;

    b. medical and pharmaceutical bills of a past, present and future nature;

    c. loss of enjoyment of living;

    d. mental anguish and distress;

    e. cost of medical treatment of a past, present, and future nature;

    f. lost income;

    g. permanent impairment and disability; and

    h. temporary and permanent injury.

Defendants are liable to Plaintiff in an amount sufficient to compensate Plaintiff for all of his personal injuries, damages, and losses described above, including both her general damages and special damages; said amount to be determined by the enlightened conscious of an impartial jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment against the Defendants as follows:

1. That proper process issue and be served upon the Defendants and that the Defendants be required to appear and answer this Complaint within the time required by law;

2. That a jury of six (6) be empaneled to try the issues herein;

3. That Plaintiff be awarded damages as averred above;

4. That Plaintiff be awarded a judgment against the Defendants for compensatory damages in the amount to be determined by a jury of his peers for bodily injury, medical expenses (of at least $226609.13), future medical expenses, permanent impairment, pain and suffering, emotional distress, lost wages, loss of enjoyment of life, and other related

7

compensatory, general, and special damages;

5. That the costs of this action be taxed to the Defendants;

6. That Plaintiffs have such other and further relief as the Court deems appropriate in the circumstances including, but not limited to, pre-judgment interest and post judgment interest; and

7. Any other relief to which Plaintiffs may deserve under the common laws and statutory authorities which govern this cause of action.

Respectfully submitted,

**WILLIAM B. HICKY, ATTORNEY AT LAW**

By: _____
William B. Hicky, BPR# 25452
Two American Center
3102 West End Avenue, Suite 400
Nashville, TN 37203
Phone: (615) 324-8777
Fax: (615) 691-8818
E-mail: will@hickylaw.com
*Attorney for Plaintiff*